**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Case No. 10-cr-692-PWG |
| **TYRONE JOHNSON** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Tyrone Johnson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 86. Mr. Johnson is currently incarcerated at Allenwood Low FCI in Allenwood, Pennsylvania where he is serving a sentence of 192 months. In his motion, he requests that the Court release him due to personal health risks associated with the COVID-19 pandemic. Def.'s Mot. Mem., ECF No. 86. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Johnson's motion is DENIED.

**BACKGROUND**

On August 23, 2011, Mr. Johnson entered a guilty plea to one count of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Def.'s Mot. Mem. 2; Gov. Resp. 2–3. On January 4, 2012, Judge Alexander Williams, Jr., imposed a sentence of 192 months; as defense counsel notes, Mr. Johnson has been detained since December 14, 2010. According to the Bureau of Prisons' ("BOP") inmate lookup service, Mr. Johnson is due to be released on August 6, 2024. bop.gov/inmateloc/ (last visited Dec. 17, 2020). The BOP

---

[1] The motion is fully briefed. *See* ECF Nos. 86, 90, 93, and 95.

facility where Mr. Johnson is detained, FCI Allenwood Low, is currently experiencing 43 active COVID-19 cases among inmates and nine active cases among staff. bop.gov/coronavirus/ (last visited Dec. 17, 2020).

Defense counsel details Mr. Johnson's medical conditions in the motion. Specifically, Mr. Johnson has a history of high blood pressure, suffered a stroke in 2013, and is pre-diabetic. Def.'s Mot. Mem. 1–2, 5–6; Ex. B to Def.'s Mot 6, 10 ECF No. 86-1.

The Government opposes Mr. Johnson's motion, arguing that he has failed to meet his burden to demonstrate extraordinary and compelling reasons for release. Gov. Resp. 3 (ECF No. 90). The Government submits that Mr. Johnson's hypertension and other medical conditions are not sufficiently severe to meet the extraordinary and compelling threshold. Gov. Resp. at 6–7. Citing CDC Guidance for individuals at risk for severe illness as a result of COVID-19, the Government argues that hypertension falls into the category of conditions that *might* cause an increased risk for severe illness, whereas more serious conditions fall into the category of those who *are* at an increased risk of severe illness. *Id.* Additionally, the Government submits that Mr. Johnson's hypertension, which has been diagnosed as "benign essential hypertension" is stable, treatable, and less severe than malignant hypertension. *Id.* at 6; Ex. 2 to Gov. Resp. 32, ECF No 90-2.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Johnson requests a modification of his sentence for "compassionate

2

release" under the First Step Act, as amended.[2] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

## I.    Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied, as Mr. Johnson more than 30 days have elapsed since Mr. Johnson filed a request with the Warden. Def.'s Mot. Mem. 2.

## II.   Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are

---

[2] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

3

"extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, *7 (4th Cir. Dec. 2, 2020). More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at *9 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020). However, while not binding, *id.*, the Sentencing Commission's policy statements may provide useful guidance.

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Johnson cites his medical conditions, and the vulnerable position in which they place him during the COVID-19 pandemic, as reasons for finding extraordinary and compelling reasons to reduce his sentence. Specifically, his history of hypertension suggests he is more likely to die should he contract COVID-19. Def.'s Mot. Mem. 6 (citing Dara K. Lee Lewis, MD, *How Does Cardiovascular Disease Increase the Risk of Severe Illness and Death from COVID-19?*, HARVARD HEALTH BLOG (April 2, 2020 2:30 PM), https://www.health.harvard.edu/blog/how-

does-cardiovascular-disease-increase-the-risk-of-severe-illness-and-death-from-covid-19-2020040219401. Mr. Johnson also cites his being pre-diabetic and 2013 stroke as providing additional support for finding extraordinary and compelling circumstances.

The Government disagrees. It argues that Mr. Johnson's hypertension and other medical conditions are not sufficiently severe to meet the threshold of extraordinary and compelling circumstances. Gov. Resp. at 6–7. Citing CDC Guidance for individuals at risk for severe illness as a result of COVID-19, the government argues that hypertension falls into the category of conditions that *might* cause an increased risk for severe illness, whereas more serious conditions fall into the category of those who *are* at an increased risk of severe illness. *Id.* Additionally, the Government submits that Mr. Johnson's hypertension, which has been diagnosed as "benign essential hypertension" is stable, treatable, and less severe than malignant hypertension. *Id.* at 6; Ex. 2 to Gov. Resp. 32, ECF No 90-2.

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

At present, I cannot find that Mr. Johnson has established extraordinary and compelling circumstances sufficient to justify release. His hypertension is well-controlled, the medical records acknowledge his 2013 stroke but do not suggest lingering consequences from that event, and being

5

pre-diabetic does not create sufficiently concerning vulnerabilities to COVID-19 for me to find extraordinary and compelling circumstances. Additionally, Mr. Johnson has not shown that if he were to contract the virus, he would not receive appropriate treatment at the BOP facility where he is detained, or a nearby civilian medical facility.

**III.    Sentencing Factors**

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Mr. Johnson cites his achievements during the last decade of his incarceration as support for finding in his favor on the § 3553(a) factors. During that time, he has participated in the D.C. Street Law Program; educational programming, such as a Real Estate Course and a Debate Class; and personal fitness programming. Ex. C to Def.'s Mot. Mem 54–61, ECF No. 86-1. Mr. Johnson's rehabilitative efforts while incarcerated are certainly commendable.

Despite his efforts, the sentencing factors do not presently counsel in favor of releasing Mr. Johnson. While Mr. Johnson was only convicted of possessing 28 grams or more of cocaine base, the facts reveal that he possessed close to 100 grams in total, along with 16 ounces of PCP in ready-to-distribute form. Further, the firearm that was the basis for his § 922(g)(1) conviction had an obliterated serial number. Ex. 1 to Gov. Resp. 1, ECF No. 90-1. The nature and circumstances

of the offense suggest a significant drug dealing operation that invited the potential for violence. And Mr. Johnson also has violent criminal history, including a stabbing and robbery with a deadly weapon.  Gov.'s Resp. 9; Ex. 4 to Gov. Resp. 33–34, ECF No. 90-4.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a).  I am cognizant of the inextricable link between drug trafficking and violence, propagated through the use of firearms, and acknowledge Congress' intent to punish conduct that combines the two with a substantial period of incarceration, as evidenced by prescribing the mandatory minimums. Furthermore, Mr. Johnson has significant time remaining on his sentence. To release him three and a half years before his scheduled release date would undermine Congress' clear intent that those who have been convicted of serious drug and gun violations serve a substantial sentence.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Johnson faces based on his incarceration in the BOP and potential medical vulnerabilities. However, I find that his health conditions do not rise to the level of extraordinary and compelling circumstances, nor do I find that the §3553(a) favors favor release.  Therefore, Mr. Johnson's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 23rd day of December 2020, hereby ORDERED that Mr. Johnson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

                                                              /S/
                                          Paul W. Grimm
                                          United States District Judge