# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Case No. 10-cr-0692-PWG |
| **TYRONE ANTHONY JOHNSON** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Tyrone Anthony Johnson's Letter Motion for Compassionate Release. ECF No. 121 ("Motion"). Mr. Johnson is presently incarcerated at FCI Milan and has a projected release date of August 6, 2024. Mr. Johnsons asks that I allow him to complete the remainder of his sentence on home confinement in light of the COVID-19 pandemic and its effects on his health and the conditions of his incarceration. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Johnson's Motion is DENIED.

## BACKGROUND

Mr. Johnson was charged by indictment with one count of possession with intent to distribute cocaine and PCP in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 3. Mr. Johnson pleaded guilty to the possession with intent to distribute and the felon in possession counts on August 23, 2011. ECF No. 36. After an unsuccessful attempt to withdraw his guilty plea, *see* ECF No. 46, Mr.

---

[1] The Government responded to Mr. Johnson's Motion. *See* ECF No. 126 ("Government Response"). Mr. Johnson did not file a reply.

Johnson was sentenced to a total term of 192 months' imprisonment. He has served nearly twelve years of his 16 year sentence.

In July of 2020, Mr. Johnson, then represented by counsel, filed his first Motion for Compassionate Release. In it, he requested "that the Court release him due to personal health risks associated with the COVID-19 pandemic." ECF No. 96, Mem. Op. Denying First Motion. Mr. Johnson specifically argued that his history of high blood pressure, pre-diabetes, and a stroke in 2013 warranted compassionate release because those health issues placed him at heightened risk of severe illness from the COVID-10 pandemic. *Id.* I denied Mr. Johnson's First Motion in a Memorandum Opinion dated December 23, 2020. Mr. Johnson appealed, and the Fourth Circuit affirmed in a per curiam opinion. *See* ECF Nos. 116 & 119.

Mr. Johnson's present Motion is a single page that reiterates that his personal medical concerns warrant compassionate release in light of the COVID-19 pandemic.[2] It differs from his First Motion in that Mr. Johnson, who has since had COVID-19, now contends that he is continuing to suffer from a variety of symptoms as a result. It differs as well in that Mr. Johnson, who was incarcerated at FCI Allenwood Low at the time of his First Motion, has since been transferred to FCI Milan.

The Government's Opposition argues that the Court lacks authority to transfer Mr. Johnson to home confinement and that, in any event, there is no change in Mr. Johnson's circumstances that would compel a different outcome now than at the time of his First Motion, which I denied. For the reasons explained below, I agree with the Government's assessment.

---

[2] Approximately half of Mr. Johnson's present Motion is devoted to claims that the gun on which one of his convictions is based (and which he pleaded guilty to) was not his gun and claims that his sentence was unduly harsh for his crimes. Neither of these issues is relevant to his request for compassionate release.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Johnson requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[3] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

## I.     Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). Neither Mr. Johnson's Motion, nor the

---

[3] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

Government's Opposition address the exhaustion requirement. In the interest of expediency, I will assume without deciding that Mr. Johnson has met the exhaustion requirement and address the merits of his claim.[4]

## II.     Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence, and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL

---

[4]     "Because the requirement is not jurisdictional, it may be waived or forfeited.*"* *United States v. Muhammad*, 16 F.4th 126, 130 (2021).

2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81. Here, Mr. Johnson cites exclusively to his health problems as warranting compassionate release in light of the COVID-19 pandemic.

The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where defendants have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release

when the spread of coronavirus in his BOP facility was under control, and prisoner did not show that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL 1909605, at *5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant.*, No. CR RDB-16-364, 2021 WL 2661395, at *3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19). Therefore, this Court does take vaccination status into account when evaluating a motion for compassionate release.

Vaccines are effective at preventing COVID-19, but because effectiveness is not guaranteed and there are unknowns regarding the extent and duration of the vaccine's protection, there may still be concern for particular individuals' increased risk of severe illness, even if fully vaccinated. *See. Spriggs*, 2021 WL 1856667, at *2–3 (noting that "a vaccine does not negate that [the defendant's] underlying health conditions make him eligible"). It is impossible to predict the impact of the various COVID-19 vaccines on future strains of this virus, just as it is impossible to predict the impact of COVID-19 on Mr. Johnson's specific medical issues. Certainly, the situation

regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

Mr. Johnson's pending Motion provides very little detail about his current health concerns, which he contends are the continuing result of his 2021 bout of COVID-19. Mr. Johnson states that he now suffers from depression, urinary issues, daily headaches, shortness of breath, and "other problems." He provides no supporting medical documentation. Mr. Johnson also neglects to provide any information regarding his vaccination status. Notably, I carefully reviewed Mr. Johnson's medical records shortly after his diagnosis with COVID-19 in connection with his First Motion and found that they did not warrant finding extraordinary and compelling reasons to release Mr. Johnson.

At the time he filed his pending Motion, Mr. Johnson claimed that "coronavirus [was] going crazy again all over the prison system." (emphasis in original). Presently, though, the BOP reports only three confirmed active cases of COVID-19 in the facility where Mr. Johnson is incarcerated. *See* https://www.bop.gov/coronavirus/ (last accessed November 30, 2022). Taken together, Mr. Johnson's health concerns and the level of COVID-19 activity at FCI Milan fall short of the "extraordinary and compelling reasons" standard required to justify compassionate release.

These concerns are further considered in the analysis of the sentencing factors.

### III.   Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the

defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

I considered the § 3553 factors in my Memorandum Opinion denying Mr. Johnson's First Motion. I concluded then that granting Mr. Johnson release would be inconsistent with the sentencing factors set forth in § 3553(a). The passage of time since Mr. Johnson's First Motion does not change my assessment of the § 3553 factors. Accordingly, I need not revisit the § 3553 factors, and instead adopt and incorporate by reference the analysis in the Memorandum Opinion denying Mr. Johnson's First Motion. Mem. Op. at 6–7. *See also* ECF No. 113 at 2.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Johnson faces while he remains incarcerated. But the nature of Mr. Johnson's health concerns, the relatively low rate of COVID-19 at FCI Milan, and my review of the § 3553 factors all counsel against granting Mr. Johnson's request. Accordingly, Mr. Johnson's motion for compassionate release is DENIED.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 6th day of December 2022, hereby ORDERED that Mr. Johnson's Letter Motion for Compassionate Release, ECF No. 121, is DENIED.

/S/
Paul W. Grimm
United States District Judge